# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

AMERICAN ENERGY ASSOCIATION;
NATURAL RESOURCES DEFENSE
COUNCIL, INC.; DEFENDERS OF
WILDLIFE; NATIONAL WILDLIFE
FEDERATION; NATIONAL PARKS
CONSERVATION ASSOCIATION;
FLORIDA WILDLIFE FEDERATION;
LOUISIANA WILDLIFE FEDERATION;
TEXAS CONSERVATION ALLIANCE

   Petitioners,

v.

DOUG BURGUM, Secretary of the
Interior, in his official capacities as Chair
and Member of the Endangered Species
Committee; BROOKE ROLLINS,
Secretary of Agriculture, in her official
capacity as a Member of the Endangered
Species Committee; DANIEL
DRISCOLL, Secretary of the Army, in his
official capacity as a Member of the
Endangered Species Committee; PIERRE
YARED, Acting Chair of the Council of
Economic Advisors, in his official
capacity as a Member of the Endangered
Species Committee; LEE ZELDIN,
Administrator of the Environmental
Protection Agency, in his official capacity
as a Member of the Endangered Species
Committee; NEIL JACOBS,
Administrator of the National Oceanic
and Atmospheric Administration, in his
official capacity as a Member of the
Endangered Species Committee; PETE
HEGSETH, Secretary, U.S. Department
of Defense,

   Respondents.

Case No. 26-60240

# MOTION TO STAY FURTHER PROCEEDINGS

Pursuant to Fifth Circuit Rule 27.1.3, Petitioners Natural Resources Defense Council, Inc. ("NRDC"), Defenders of Wildlife, National Wildlife Federation, National Parks Conservation Association, Florida Wildlife Federation, Louisiana Wildlife Federation, and Texas Conservation Alliance (collectively, "Conservation Groups") move to temporarily stay further proceedings in the above-captioned consolidated petitions. The U.S. Judicial Panel on Multidistrict Litigation ("JPML") is currently considering, on an expedited basis, a motion that will determine the proper venue for this matter. In fact, the JPML has indicated that it will take up this motion at its May 28th meeting. A brief stay pending resolution of the motion is warranted to conserve judicial and party resources, and to allow for the faithful implementation of the multi-circuit petition process established by Congress. Accordingly, Conservation Groups respectfully request that this Court: (1) stay further proceedings in this case—including the May 5, 2026 Briefing Notice and the requirement for Petitioners to file briefs by June 15, 2026—pending the JPML's decision on the proper venue for this matter; and (2) direct the parties to file a joint status report concerning the outcome of the JPML proceeding within 14 days following the JMPL's decision.

Given the recently issued Briefing Notice, Conservation Groups respectfully ask that this Court rule on this Motion by May 26, 2026, which is three weeks before opening briefs are currently due.

Pursuant to Fifth Circuit Rule 27.4, counsel for Conservation Groups have conferred with counsel for Petitioner American Energy Association and counsel for Respondents. Respondents represented they intend to file an opposition to this Motion. American Energy opposes the Motion but will wait until it is filed to decide whether to file a written opposition.

## BACKGROUND

This matter arises from a written decision and order issued by members of the Endangered Species Committee (the "Committee")—Respondents Burgum, Rollins, Driscoll, Yared, Zeldin, and Jacobs—who voted to grant a blanket exemption under the Endangered Species Act for federal authorizations for oil and gas activities in the Gulf. *See* Doug Burgum et al., *Endangered Species Committee* (Mar. 31, 2026) ("Exemption Order"), doi.gov/sites/default/files/documents/2026-03/endangered-species-committee-order.pdf (attached as Exhibit A). The Exemption Order is dated and became effective on March 31, 2026, and was published on the Department of Interior's website that same day. *Id.* at 3. Respondents subsequently posted a "notice" of the Exemption Order in the Federal Register on April 3, 2026. Endangered Species Committee, 91 Fed. Reg. 16,966, 16,967 (Apr. 3, 2026). That notice reiterates that the Exemption Order is "Dated: March 31, 2026" and became effective "immediately." *Id*.

3

Multiple groups have since filed petitions for review of the Committee's Exemption Order. As relevant here, NRDC filed a petition in the D.C. Circuit on April 3, 2026 (three days after the March 31, 2026, Exemption Order), and American Energy filed its petition in this Court on April 13, 2026 (13 days after). Dkt. Nos. 1, 10-1. Respondents then filed a multi-circuit notice claiming that both the NRDC and American Energy petitions had been filed within ten days of the "issuance" of the Exemption Order, thereby triggering the multi-circuit lottery process outlined in 28 U.S.C. § 2112(a)(3). Dkt. No. 8-2. Based on that notice, the JMPL issued a Consolidation Order randomly designating this Court for further proceedings. Dkt. No. 9. The D.C. Circuit then immediately transferred NRDC's and the other Conservation Groups' petitions to this Court, where they were consolidated with American Energy's petition. Dkt. No. 10.

The Conservation Groups timely filed motions asking the JPML to reconsider its Consolidation Order. As the Conservation Groups explain in their motions (attached as Exhibits B and C), only NRDC's Petition for Review of the Exemption Order was filed within the ten-day statutory window of the Exemption Order's issuance on March 31, 2026. *See* 28 U.S.C. § 2112(a)(1). The multi-circuit lottery process under 28 U.S.C. § 2112(a)(3) therefore does not apply. Thus, the Consolidation Order must be vacated, and all petitions challenging the Exemption

Order "shall" be transferred to the D.C. Circuit, where the first (and only timely, for purposes of the lottery) petition was filed. *See* 28 U.S.C. § 2112(a)(1), (5).

Immediately after the Conservation Groups filed their motions for reconsideration, the JPML stayed its Consolidation Order and issued an accelerated briefing schedule so that it can consider the motions at its May 28, 2026, hearing session. Dkt. No. 15.

Meanwhile, proceedings in this Court have continued unabated. On April 30, 2026, Respondents filed a certified list of the administrative record with this Court, weeks before it was due. Dkt. No. 20. Respondents took this step even though the JPML had already stayed its order designating this Court as the circuit in which the record is to be filed. Dkt. No. 15. Just yesterday, this Court issued a Briefing Notice requiring Petitioners' opening briefs to be filed on June 15, 2026, which may fall before the JPML proceedings have concluded.

## ARGUMENT

Courts across the country, including this Court, routinely stay or otherwise suspend their proceedings pending the resolution of motions to reconsider the JPML's consolidation orders. *See, e.g.*, Order, *Gas Transmission Nw., LLC v. FERC*, 157 F.4th 674 (5th Cir. Nov. 28, 2025) (No. 24-60002), Dkt. No. 45-2 (granting motion to "stay further proceedings in this court pending the [JPML]'s decision on the motion to reconsider its consolidation order"); Order, *Appalachian Voices v.*

*FERC*, No. 18-1956, Dkt. No. 28 (4th Cir. Aug. 31, 2018) (*sua sponte* "suspend[ing] further proceedings on appeal pending ruling by the [JPML] on the motion to reconsider consolidation"); Order, *Pub. Utils. Dist. of Grant Cnty. v. FERC*, No. 03-1112 (D.C. Cir. Aug. 1, 2003) (holding proceedings in abeyance pending JPML reconsideration).

A brief stay is equally warranted here for five reasons.

*First*, a stay best effectuates Congress's design for multi-circuit petitions. Congress established the multi-circuit petition process to ensure that only one circuit considers multiple petitions challenging the same agency order. This conserves judicial resources, avoids potentially conflicting decisions, and prevents forum-shopping. *See GTE S., Inc. v. Morrison*, 199 F.3d 733, 743 (4th Cir. 1999) ("This consolidation procedure for review of agency orders is in place 'to avoid confusion and duplication by the courts' and 'to prevent unseemly conflicts that could result should sister circuits . . . issue conflicting decisions.'" (citation omitted)); *Wynnewood Refin. Co., L.L.C. v. Occupational Safety & Health Rev. Comm'n*, 933 F.3d 499, 501 (5th Cir. 2019) (explaining that Congress replaced the old "agency-picks-the-forum rule" with 28 U.S.C. § 2112(a)).

A brief stay while the JMPL decides which circuit is the proper venue for these cases promotes each of these goals. For one, a stay avoids the need for this Court to expend further resources on these petitions before the JPML determines where they

6

belong—a decision that will likely come soon given the JPML's expedited briefing schedule. *See Utah by & through Cox v. EPA*, No. 23-1157, 2025 WL 1354371, at *2 (D.C. Cir. May 2, 2025) (Rao., J.) ("[T]he primary reason for holding a case in abeyance is to promote judicial economy.").

Now that Respondents have filed the record in this Court (despite the JMPL's stay of its order directing the record to be filed here) briefing deadlines have been issued and the parties will likely need engage in motions practice related to adequacy of the record and other issues in advance of the June 15 filing deadline. This Court should not unnecessarily expend scarce resources resolving these issues until the JPML clarifies whether these cases belong here. A stay also promotes uniformity by ensuring that a single court decides all substantive matters related to these petitions. And a stay ensures that Respondents' unilateral decision to prematurely file the record in this Court does not *de facto* dictate the forum for this litigation before the JPML can resolve that question. *See Wynnewood*, 933 F.3d at 501 (holding agency's improper filing of record in Fifth Circuit did not establish venue in that court because agency "cannot subvert" 28 U.S.C. § 2112(a)).

*Second*, the JPML's rules for multi-circuit petitions plainly contemplate a stay in these circumstances. Those rules require that, upon the filing of a motion for reconsideration, the JPML clerk "shall issue an order staying the consolidation order until the [JPML] decides the motion for reconsideration." Multidistrict Lit. Rule

25.7(a). This automatic stay preserves the status quo and prevents the JPML's consolidation order from dictating case developments before the JPML has had an opportunity to evaluate its correctness. The JPML's rule automatically staying its consolidation orders—and indeed, the JPML itself—would be meaningless, however, if the transferee circuit designated by such an order allowed continued litigation in that forum even after the JPML stayed its order.

*Third*, a stay is warranted to conserve party resources and avoid needless confusion as to which court's rules apply. *See, e.g., Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (noting that courts strive to conserve their own resources by avoiding duplicative litigation). To take one example, the D.C. Circuit's rules require petitioners to file appendices alongside their opening briefs in agency review proceedings, *see* D.C. Circuit Rule 30, whereas the Fifth Circuit's rules prohibit appendices in these circumstances, *see* Fifth Circuit Rule 30.2. Absent a stay, Petitioners could be subject to *both* sets of rules if they are required to file their opening briefs in this Court before the JPML determines that this matter belongs in the D.C. Circuit. This may require Petitioners to revise their briefs and prepare new appendices to comply with the D.C. Circuit's unique rules following a transfer, wasting party resources and unduly complicating what is supposed to be a streamlined venue-determination process.

*Fourth*, a stay will not prejudice any party. To outweigh the "institutional interests in the deferral of review," the attendant hardship must be "immediate and significant." *Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 389 (D.C. Cir. 2012) (citing *Devia v. Nuclear Regul. Comm'n*, 492 F.3d 421, 427 (D.C. Cir. 2007)); *see Utah*, 2025 WL 1354371, at *2. Neither American Energy nor Respondents can demonstrate such an immediate and significant hardship here, because the Exemption Order will remain in effect while the litigation proceeds. American Energy will remain "free to conduct its business as it sees fit," *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 810 (2003), and the Government can proceed with authorizing oil and gas activities in the Gulf. Nor can Respondents or American Energy claim that the mere threat of ongoing litigation involving the Exemption Order is sufficient to overcome a stay. As the Supreme Court has made clear, "[m]ere uncertainty as to the validity of a legal rule" does not "constitute[] a hardship." *Id.* at 811; *see Devia*, 492 F.3d at 427 (rejecting intervenors' argument that "[u]nresolved judicial challenges, such as the pending challenge to the NRC license, necessarily increase the uncertainty as to the viability of [intervenors'] project and make it more difficult to market the project"). If anything, deferring

9

proceedings in this Circuit will save the parties the expenditure of resources on simultaneous litigation in different venues.

*Finally*, in holding a matter in abeyance, courts are "mindful of the duration for which [they] will defer review" to ensure the abeyance period is cabined by its underlying rationale. *Utah*, 2025 WL 1354371, at *3. Here, Conservation Groups propose a modest deferral tethered to the progress of the JPML venue decision. This moderate approach further favors abeyance.

## CONCLUSION

Therefore, Conservation Groups respectfully request that the Court: (1) stay further proceedings in this case—including the May 5, 2026 Briefing Notice and associated deadlines—pending the JPML's decision on the pending reconsideration motions; and (2) direct the parties to file a joint status report concerning the outcome of the JPML proceeding within 14 days following the JMPL's decision.

Given the impending June 15 deadline to file opening briefs in this matter, Conservation Groups respectfully ask that this Court rule on this Motion by May 26, 2026.

Date: May 6, 2026                    Respectfully submitted,

/s/ Catherine Wannamaker
Catherine Wannamaker
Southern Environmental Law Center
525 East Bay Street, Suite 200
Charleston, South Carolina 29403
(843) 720-5270
cwannamaker@selc.org

*Attorney for Petitioners National Wildlife*
*Federation, National Parks Conservation*
*Association, Florida Wildlife Federation,*
*Louisiana Wildlife Federation, and Texas*
*Conservation Alliance*

/s/ *Joseph M. Manning*
Joseph M. Manning
Defenders of Wildlife
1130 17th St. NW
Washington, DC 20036
(202) 682-9400
jmanning@defenders.org

*Attorney for Petitioner Defenders of*
*Wildlife*

/s/ *Katherine Desormeau*
Katherine Desormeau (CA Bar No.
266463)
Natural Resources Defense Council, Inc.
111 Sutter St., 21st Floor
San Francisco, CA 94104
(415) 875-6100
kdesormeau@nrdc.org

*Attorney for Petitioner Natural*
*Resources Defense Council, Inc.*

11

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2026, an electronic copy of the foregoing Motion was filed with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system, and that service on all parties will be accomplished by the appellate CM/ECF system.

/s/ Catherine Wannamaker
Catherine Wannamaker
Southern Environmental Law Center
525 East Bay Street, Suite 200
Charleston, South Carolina 29403
(843) 720-5270
cwannamaker@selc.org

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that this Motion:

(i)     complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and Fifth Circuit Rule 32.2, this document contains 2,062 words; and

(ii)    complies with the typeface requirements of Fed. R. App. P. 32(a)(5), and the type-style requirements of Fed. R. App. P. 32(a)(6) because the document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

Dated: May 6, 2026.

/s/ Catherine Wannamaker
Catherine Wannamaker
Southern Environmental Law Center
525 East Bay Street, Suite 200
Charleston, South Carolina 29403
(843) 720-5270
cwannamaker@selc.org