# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

AMERICAN ENERGY ASSOCIATION;
NATURAL RESOURCES DEFENSE
COUNCIL, INC.; DEFENDERS OF
WILDLIFE; NATIONAL WILDLIFE
FEDERATION; NATIONAL PARKS
CONSERVATION ASSOCIATION;
FLORIDA WILDLIFE FEDERATION;
LOUISIANA WILDLIFE FEDERATION;
TEXAS CONSERVATION ALLIANCE

    Petitioners,

v.

DOUG BURGUM, Secretary of the
Interior, in his official capacities as Chair
and Member of the Endangered Species
Committee; BROOKE ROLLINS,
Secretary of Agriculture, in her official
capacity as a Member of the Endangered
Species Committee; DANIEL
DRISCOLL, Secretary of the Army, in his
official capacity as a Member of the
Endangered Species Committee; PIERRE
YARED, Acting Chair of the Council of
Economic Advisors, in his official
capacity as a Member of the Endangered
Species Committee; LEE ZELDIN,
Administrator of the Environmental
Protection Agency, in his official capacity
as a Member of the Endangered Species
Committee; NEIL JACOBS,
Administrator of the National Oceanic
and Atmospheric Administration, in his
official capacity as a Member of the
Endangered Species Committee; PETE
HEGSETH, Secretary, U.S. Department
of Defense,

    Respondents.

Case No. 26-60240

## NRDC'S MOTION TO STAY MERITS BRIEFING, OR IN THE ALTERNATIVE, DISMISS WITHOUT PREJUDICE

Pursuant to Fifth Circuit Rule 27.1.3, Petitioner Natural Resources Defense Council, Inc. ("NRDC") respectfully moves to temporarily stay merits briefing in the above-captioned case given active litigation in the U.S. District Court for the District of Columbia concerning jurisdiction over NRDC's challenge to the Endangered Species Committee's March 31, 2026, Exemption. A brief stay is warranted pending resolution of this threshold issue before merits briefing commences on July 15, 2026.

Specifically, NRDC respectfully requests that this Court: (1) stay merits briefing in this case—including the July 15, 2026, deadline for opening briefs—pending resolution of the jurisdictional issue detailed *infra*; and (2) direct NRDC and Federal Respondents to file a joint status report within 14 days following such resolution. In the alternative, if the Court declines to stay proceedings in this case, NRDC requests that "the clerk . . . enter such . . . agency review proceedings as dismissed without prejudice to the right of reinstatement of the appeal within 180 days from the date of dismissal." 5th Cir. R. 42.4.

Given the July 15 deadline for opening briefs, NRDC respectfully requests a prompt ruling on this Motion, no later than July 7, 2026. Such expedited consideration is necessary to ensure sufficient time between resolution of the instant Motion and the imminent opening brief deadline.

In conformity with Fifth Circuit Rule 27.4, counsel for NRDC have conferred with counsel for Petitioner American Energy Association (AEA); Petitioner Defenders of Wildlife (Defenders); Petitioners National Wildlife Federation, National Parks Conservation Association, Florida Wildlife Federation, Louisiana Wildlife Federation, and Texas Conservation Alliance (collectively, NWF); Intervenor-Respondent American Petroleum Institute (API); and Federal Respondents. AEA intends to file an opposition to the instant motion. Both API and Federal Respondents intend to file an opposition to NRDC's request for a stay, while reserving their position on NRDC's alternative request for dismissal without prejudice pending review of the instant motion. Defenders and NWF do not oppose this motion.

## BACKGROUND

NRDC's Petition for Review challenges a decision of the Endangered Species Committee on March 31, 2026, to exempt federally authorized oil and gas activity in the Gulf of America from the Endangered Species Act's (ESA's) interagency consultation requirements. Exemption, 91 Fed. Reg. 16966 (Apr. 3, 2026). Notably, NRDC's petition is "protective," Pet. for Review at 3, Dkt. No. 10-1, only filed to preserve NRDC's right to judicial review if the district court ultimately finds it lacks

jurisdiction.[1] *See, e.g.*, *Nat'l Ass'n of Mfrs. v. Dep't of Def.*, 583 U.S. 109, 119 (2018) (noting that parties filed protective petitions for review); *Am. Soybean Ass'n v. Regan*, 77 F.4th 873, 875 (D.C. Cir. 2023) (same); *see also* Order, Dkt. No. 47-2, *Clean Water Action v. EPA*, No. 18-60079 (5th Cir. Apr. 5, 2018) (granting petitioners' opposed abeyance motion, where petitioners had filed a protective petition and were awaiting the district court's ruling on jurisdiction).

The parties disagree about where judicial review of the Exemption should proceed. *Compare* NRDC Pet. for Review at 3, Dkt. No. 10-1 (explaining that "judicial review . . . is proper not in the courts of appeals pursuant to 16 U.S.C. § 1536(n), but rather in the district court pursuant to the Administrative Procedure Act"), *with* Exemption, 91 Fed. Reg. at 16967 (asserting the "understand[ing] that any person may obtain judicial review of this decision, which is made under 16 U.S.C. § 1536(h), 'in the United States Court of Appeals for . . . any circuit wherein the agency action concerned will be, or is being, carried out.' 16 U.S.C. § 1536(n)."). That question—the proper jurisdiction for NRDC's challenge to the Exemption—is already the subject of ongoing briefing on the federal government's motion to dismiss NRDC's complaint in the U.S. District Court for the District of Columbia.

---

[1] NRDC filed a complaint on April 1, 2026, in U.S. District Court for the District of Columbia, challenging the Committee's Exemption under the Administrative Procedure Act. Dkt. No. 1, *NRDC v. Burgum*, No. 26-cv-1116 (D.D.C. filed Apr. 1, 2026). NRDC amended its complaint on May 26, 2026, adding a claim under the National Environmental Policy Act. *Id.*, Dkt. No. 22.

*See* Fed. Defs.' Mot. to Dismiss, Dkt. No. 28, *NRDC v. Burgum*, No. 26-cv-1116 (D.D.C. filed June 9, 2026). Federal Respondents and API are defendants and intervenor-defendants, respectively, in the district court litigation, so all parties defending the Exemption in this case are represented in the district court litigation, too.

Meanwhile, the Court has set a briefing schedule in this case, with NRDC's and other petitioners' opening briefs due July 15, 2026. *See* Order, Dkt. No. 65. On May 6, 2026, NRDC and other petitioners had moved for a stay pending resolution of their motions for reconsideration of the Judicial Panel on Multidistrict Litigation's (JPML's) consolidation order. Petrs.' Mot. for Stay, Dkt. No. 32. This Court denied the stay motion. Order, Dkt. No. 56. NRDC and other petitioners then requested an unopposed 30-day extension of the opening brief deadline while awaiting the JPML's decision, which this Court granted, *see* Order, Dkt. No. 65, resulting in the July 15 deadline for opening briefs.

## ARGUMENT

Courts may exercise their discretion to hold in abeyance a case pending the outcome of another. *See Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). Where, as here, jurisdiction or venue is disputed and a party files a petition solely as a protective matter, courts of appeal commonly stay the appellate proceeding pending resolution of the parallel district court action "to prevent duplicative

litigation" and conserve judicial resources. *Ctr. for Biological Diversity v. EPA*, 861 F.3d 174, 180-81 (D.C. Cir. 2017); *see also* Order, Dkt. No. 47-2, *Clean Water Action v. EPA*, No. 18-60079 (5th Cir. Apr. 5, 2018) (granting petitioners' opposed abeyance motion where petitioners had filed a protective petition and were awaiting the district court's ruling on jurisdiction); Order, Dkt. No. 17, *NRDC v. U.S. Dep't of Energy*, No. 17-2827 (2d Cir. Oct. 17, 2017) (granting unopposed abeyance motion where petitioner filed protective petition pending a determination in parallel district court litigation on that court's jurisdiction).

Here, a temporary stay of the proceedings is appropriate so that the district court may resolve the threshold jurisdictional question that is already before it by virtue of the federal government's motion to dismiss. NRDC's district court action was filed first, *see supra* note 1, and briefing on the motion to dismiss is already underway. The resolution of that pending motion to dismiss may refine the issues before this Court or render further proceedings in NRDC's petition unnecessary. If the parallel proceedings yield a determination that the district court has jurisdiction, NRDC would voluntarily dismiss its protective petition for review, making merits briefing on NRDC's claims unnecessary in this Court. *See, e.g.*, *O'Quinn v. Neuman*, 429 F.2d 1374, 1374 (5th Cir. 1970) (per curiam) (staying appeal "pending final determination of [district court case] . . . because of the possibility that the decision

therein may moot this appeal"). An abeyance would therefore conserve the Court's and the parties' resources.

A stay will also "work [no] damage" on any other party. *See Landis*, 299 U.S. at 255. Neither Federal Respondents nor API face any hardship here, because the Exemption will remain in effect while the litigation proceeds. API will remain "free to conduct its business" with the benefit of the Exemption intact, *see Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 810 (2003), and the federal government can continue authorizing oil and gas activities in the Gulf. Petitioner AEA likewise faces no discernible hardship, but if it did, the Court could stay merits briefing in NRDC's case alone while allowing briefing in AEA's case to move forward—eliminating any possible harm to AEA while benefitting API and Federal Respondents, by narrowing the issues they must address in their own answering briefs. The other petitioners, Defenders and NWF, will also face no harm from NRDC's requested relief, which they do not oppose.

Federal Respondents, AEA, and API cannot claim that pausing merits briefing on NRDC's petition while the district court resolves the federal government's motion would harm their interests in speedy resolution of NRDC's petition. As the Supreme Court has made clear, "mere uncertainty as to the validity of a legal rule" does not "constitute[] a hardship." *Nat'l Park Hosp. Ass'n*, 538 U.S. at 811. If anything, deferring merits briefing on NRDC's petition will save the parties the expenditure

of resources on simultaneous litigation in different venues concerning threshold, preliminary issues.

Finally, NRDC does not propose a "stay of indefinite duration," *Landis*, 299 U.S. at 255, but rather a modest deferral tethered to the outcome of briefing on a narrow jurisdictional issue that is already underway. *See Landis*, 299 U.S. at 256 (abeyance must be "kept within the bounds of moderation" and limited to accommodate the circumstances that prompted the stay in the first place). Briefing on the motion to dismiss in the district court will be complete by late July.[2] And there is no indication that the district court will delay ruling on Federal Defendants' pending motion. Indeed, the district court is familiar with the issues concerning the Exemption from having previously denied a motion for a temporary restraining order in a related case. *See* Order, Dkt. No. 17, *Ctr. for Biological Diversity v. Burgum*, No. 26-cv-940 (D.D.C. Mar. 27, 2026). Moreover, to ensure a stay in this matter is cabined to the district court's resolution of the jurisdictional issue, NRDC proposes that this Court order NRDC and Federal Respondents to file a status report within 14 days of the district court's decision in the parallel litigation.

In the alternative, if the Court declines to stay the merits briefing schedule in this case, NRDC requests dismissal without prejudice under Fifth Circuit Rule 42.4.

---

[2] In the parallel district court matter, NRDC is awaiting Federal Defendants' position on NRDC's anticipated motion for a two- to three-week extension of the June 23, 2026, deadline to oppose the motion to dismiss.

The federal government's motion in the district court urges dismissal of NRDC's complaint not only on jurisdictional grounds, but also for the "separate reason" that NRDC "cannot maintain parallel actions challenging the same exemption order" in two courts. Fed. Defs.' Mot. to Dismiss at 22, Dkt. No. 28-1, *NRDC v. Burgum*, No. 26-cv-1116 (D.D.C. filed June 9, 2026). NRDC disagrees with the suggestion that filing a protective petition for review, which seeks only to "preserve a party's position while the proper forum is resolved" (as the federal government acknowledges is permissible), *id*. at 25, should result in the dismissal of the district court lawsuit. *Am. Soybean Ass'n*, 77 F.4th at 882 (Rao, J., concurring) (noting it "is common practice for parties to file a protective petition for review in the courts of appeals while simultaneously litigating in district court" where venue is contested). The federal government could easily avoid the "duplicative briefing" and "competing schedules" of which it complains, Fed. Defs.' Mot. to Dismiss at 25, *supra*, by agreeing to stay briefing on venue in one case pending resolution of briefing on venue in the other, as litigants and courts routinely do. *See supra* at 5-6. But failing that, dismissal without prejudice of NRDC's protective petition would free the federal government from duplicative briefing while allowing NRDC to pursue its claims in the district court.

## CONCLUSION

For the foregoing reasons, NRDC respectfully requests that the Court: (1) stay merits briefing in this case—including the July 15 opening brief deadline—pending the U.S. District Court for the District of Columbia's resolution of the jurisdictional question; and (2) direct NRDC and Federal Respondents to file a joint status report concerning the outcome of the motion to dismiss in the district court within 14 days following such resolution.

In the alternative, if the Court declines to stay proceedings in this case, NRDC requests dismissal without prejudice under Fifth Circuit Rule 42.4.

Given the impending July 15 opening brief deadline in this matter, NRDC respectfully requests that this Court rule on this Motion at its earliest convenience, but not later than July 7, 2026.

Date: June 16, 2026         Respectfully submitted,

*/s/ Katherine Desormeau*
Katherine Desormeau (CA Bar No. 266463)
Natural Resources Defense Council, Inc.
111 Sutter St., 21st Floor
San Francisco, CA 94104
(415) 875-6100
kdesormeau@nrdc.org

10

*Attorney for Petitioner Natural Resources Defense Council, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2026, an electronic copy of the foregoing Motion was filed with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system, and that service on all parties will be accomplished by the appellate CM/ECF system.

*/s/ Katherine Desormeau*
Katherine Desormeau (CA Bar No. 266463)
Natural Resources Defense Council, Inc.
111 Sutter St., 21st Floor
San Francisco, CA 94104
(415) 875-6100
kdesormeau@nrdc.org

*Attorney for Petitioner Natural Resources Defense Council, Inc.*

# CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that this Motion:

(i)    Complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and Fifth Circuit Rule 32.2, this document contains 2,008 words; and

(ii)    Complies with the typeface requirements of Fed. R. App. P. 32(a)(5), and the type-style requirements of Fed. R. App. P. 32(a)(6) because the document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

Dated: June 16, 2026

*/s/ Katherine Desormeau*
Katherine Desormeau (CA Bar No. 266463)
Natural Resources Defense Council, Inc.
111 Sutter St., 21st Floor
San Francisco, CA 94104
(415) 875-6100
kdesormeau@nrdc.org

*Attorney for Petitioner Natural Resources Defense Council, Inc.*
