**U.S. Department of Justice**
Energy and Natural Resources Division

*Appellate Section*
*P.O. Box 7415*
*Ben Franklin Station*
*Washington, DC 20044*

*Telephone (202) 514-2748*
*Facsimile (202) 353-1873*

***Via CM/ECF***

November 23, 2026

Thomas B. Plunkett
Clerk of the Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

Re: *American Energy Ass'n v. Burgum* (No. 26-60240)
Notification of supplemental authorities pursuant to Rule 28(j)

Dear Mr. Plunkett:

This letter provides notice of supplemental authorities pertinent and significant to this case, which is scheduled to be argued on January 6, 2027.

In three recent decisions, *Natural Resources Defense Council, Inc. v. Burgum*, No. 1:26-cv-1116, 2026 WL 3521211 (Nov. 16, 2026), *Center for Biological Diversity v. Burgum*, No. 1:6-cv-960, 2026 WL 3575718 (Nov. 20, 2026), and *Healthy Gulf v. Burgum*, No. 1:26-cv-1118, 2026 WL 3589764 (Nov. 23, 2026), the District Court for the District of Columbia dismissed challenges brought by environmental advocacy groups to the same Decision and Order of the Endangered Species Committee at issue in this petition for review.

In each decision, the district court held that challenges to orders of the Endangered Species Committee granting exemptions from the Endangered Species Act's requirements may be brought only in the courts of appeals. The district court reasoned that the Act requires that any challenge to a decision of the Committee "under subsection (h)" be brought in the courts of appeals, 16 U.S.C. § 1536(n), and that any decision to grant an exception is a decision "under subsection (h)" because "subsection (h) is the only legal authority under which the Committee actually grants exemptions," *NRDC*, Slip Op. 15. Thus, any challenge to a decision granting an exemption must be brought in the appropriate court of appeals, and that

is so even if the party challenging the exemption asserts that the Committee failed to follow the procedures required by subsection (h). *See NRDC*, Slip Op. at 22.

These decisions support the Committee's position that this Court has jurisdiction over the petitioner's challenge to the Committee's exemption decision.

Respectfully submitted,

*s/ Christopher Anderson*
Christopher Anderson
Counsel for the Federal Respondents

Attachments:
1. Memorandum Opinion, *Natural Res. Def. Council, Inc. v. Burgum*
2. Memorandum Opinion, *Ctr. for Biological Diversity v. Burgum*
3. Memorandum Opinion, *Health Gulf v. Burgum*

cc: All counsel (via CM/ECF)

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitation of Federal Rule of Appellate Procedure 28(j) because it contains 272 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6), as required by Federal Rule of Appellate Procedure 27(d)(1)(E), because it has been prepared in a proportionally spaced typeface (14-point Times New Roman font) using Microsoft Word.

s/ *Christopher Anderson*
CHRISTOPHER ANDERSON
Counsel for Federal Respondents